Curia, per JohnsoN, Oh.
It is not very clear what was in the mind of the complainant’s testatrix when she directed by her will that her debts should be paid and satisfied in such manner and way” as her mother, Ann Lehre “should deem, most advisable for her own interest,” and the direction strikes me as altogether inappropriate to the subject. It does not provide or point to the means of payment, and if it has any application at all, it must refer to time and circumstance. It might have been most to the interest of the mother that the debts should be immediately paid, or under other circumstances, that the payment should be postponed to a definite period, the means being those pointed out by the law. It never can be supposed that the testatrix intended, by this direction, to authorize the executrix to pay the debts out of one or more of the specific legacies, in exoneration of the others. That would defeat her expressly declared will.
There is an obvious error in the directions for stating the accounts, as regards the interest on the debts, doubtless the consequence of mere inadvertence ; and although it is not set down as a special ground of appeal, it is so palpable that the defendant is entitled to have it corrected. The effect of the directions would be to charge the property bequeathed to Ann Lehre with the payment of all the interest which has accrued on all the debts since the death of complainant’s testatrix. The idea seems to have been, and I suppose the instructions were prepared by the counsel, that the tenant for life is bound to keep down the interest on the debts as between the tenant for life and the remainder man. That is the correct rule in regard to the debts which are a charge upon the estate. Now, according to the rules laid down in Warley vs. Warley, Bail. Eq. 397, the residue of the personal estate is first chargeable with the payment of debts when no fund has been spcifically set apart for that purpose, and if that prove insufficient, they are to be paid out of the *301 personal estate specifically bequeathed, the whole of course ; for there is no foundation for a distinction between that which is directly and absolutely given, and that which is bequeathed to one for lite with remainder in fee to another. Here, therefore, the debts, after exhausting the residue of the estate, must be charged rateably on all the specific legacies of personal property, so as to operate as a pro rata abatement of all those legacies. This, I suppose, is an abundant fund for the payment of the debts ; if it should prove otherwise, descended real estates, according to Warley vs. Warley, and last of all real estates specifically devised, are chargeable. The master in stating the accounts will therefore conform to these rules.
The whole court concurred.